

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR 05-30129 |
| -vs- | OPINION AND ORDER |
| JOSEPH F. ARCOREN, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to sexual abuse of a minor and was sentenced on February 12, 2007, to 87 months custody. Defendant did not appeal to the United States Court of Appeals for the Eighth Circuit.

Defendant filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The basis of the motion was claimed ineffective assistance of counsel in (1) failing to file a notice of appeal, and (2) using false information and promises to induce him to plead guilty. He has filed a motion to amend his motion to vacate to include the additional claims that counsel was ineffective in (3) failing to investigate the potential for the victim to give exculpatory testimony and (4) in advising him that his pre-indictment statements would be admissible against him at trial. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (quoting Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the defendant. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Defendant "must also prove prejudice by demonstrating that

absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." *Id.*, *citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068. Defendant "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**I. Ineffective Advice to Plead Guilty**.

Defendant contends that counsel coerced him into pleading guilty with false promises of what his sentence would be. Defendant has, in essence, alleged ineffective assistance of counsel in persuading petitioner to enter into the plea agreement. He clearly testified more than once under oath to the contrary at his plea hearing.

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted). Here, as shown in part I, during the plea hearing [petitioner] stated that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty, and admitted his guilt and volunteered statements that confirmed that admission. [Petitioner] has a heavy burden to overcome those admissions and show that his plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

At the change-of-plea hearing defendant declared, under oath, that he did completely understand the proceedings, that he was "fully" satisfied with his lawyer, that no one had said or done anything to compel him to plead guilty, and that he was not under duress. He was specifically asked whether anyone had promised what his sentence would be and he declared under oath that no one had done that. Defendant's later claim to the contrary "rings hollow." United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood the proceeding, was satisfied with his attorney, and had committed the crimes charged).

To support a claim of ineffective assistance of counsel in improperly persuading petitioner to plead guilty, a two pronged test must be met. "To succeed on this claim,

2

[defendant] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness--and prejudice–"a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Defendant "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

"When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity in the advice, that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Taylor v. Bowersox, 329 F.3d 963, 972 (8th Cir. 2003) (*quoting* McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Defendant was facing two counts of aggravated sexual abuse and two counts of sexual abuse, each having a maximum sentence of life imprisonment. The negotiated plea agreement reduced the charges from four to one count of sexual abuse of a minor which has a statutory maximum of 15 years imprisonment. As a result of his plea agreement, defendant also reduced his advisory sentence range based upon acceptance of responsibility. Defendant's counsel was an experienced trial attorney. Her advice to plead guilty and hard work to reduce the length of the sentence to which the defendant was exposed was certainly within the range of competence demanded of attorneys in criminal cases.

"Where a guilty plea is challenged under the second prong of the Strickland test the 'defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial.'" Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (*quoting* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). Defendant "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea[s] based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Defendant's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Defendant signed a factual basis statement wherein he admitted the conduct set forth in the superseding information. During the change-of-plea hearing, defendant twice testified under oath that the factual basis statement was true and correct. Defendant has not set forth facts showing that he would have gone to trial and denied his conduct. There is no evidence in the record which can overcome the persuasive evidence of voluntariness of defendant's plea. He has not satisfied the second prong of Strickland.

Defendant did not seek to withdraw his guilty plea at any time before sentencing. It would then have been his obligation to show fair and just grounds for withdrawal. United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998). Allegations that an attorney misled the defendant into accepting the plea are insufficient to justify the withdrawal of the plea as involuntary. *See* United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) (defendant's reliance on attorney's mistaken impression about length of sentence is insufficient to render plea involuntary as long as court informed defendant of maximum possible sentence).

It plainly appears from the face of the motion that the defendant is not entitled to relief on his claim that counsel was ineffective in persuading him to plead guilty. Summary dismissal of this claim is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**II. Ineffective Failure to Investigate.**

Defendant contends that trial counsel failed to investigate the potential for the victim to provide exculpatory testimony in support of a factual innocence defense. The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610. Defendant admitted at least three times under oath at his plea hearing that he was guilty.

Fed. R. Crim. P. 11(b)(3) requires that there be a factual basis for the plea. I determined that there was a factual basis for the guilty plea. Defendant admitted twice under oath that everything in the factual basis statement was true. Defendant's allegations as to ineffective assistance of counsel in failing to interview a potential witness do not affect the determination that there was a factual basis for the guilty plea. Only ineffective assistance of counsel claims which affect the voluntary and intelligent nature of the plea would be cognizable in a case where

4

the defendant has entered a guilty plea. Defendant cannot succeed on his claim that counsel was ineffective in failing to interview the victim.

### III. Ineffective Failure to Properly Advise as to the Use of Statements.

Defendant contends that counsel incorrectly advised him as to the admissibility of statements he made prior to indictment. "When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity in the advice, that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Taylor v. Bowersox, 329 F.3d 963, 972 (8th Cir. 2003) (*quoting* McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

The United States Supreme Court held in Miranda v. Arizona, 348 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), that statements made during a custodial interrogation are inadmissible at trial if the suspect was not warned in advance of his statements of his privilege against self-incrimination. If the defendant is not in custody, the traditional Miranda warning is not required. The Eighth Circuit held in United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990), that the most effective means of demonstrating that a suspect has not been taken into custody "is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will." This warning is known in this Circuit as the Griffin warning. Thus, the practice in this Circuit is that law enforcement officers who question suspects must, at the very least, give the Griffin warnings if the Miranda rights are not given. Failure to do so may result in a later finding that the statements given should not be admitted into evidence against the defendant at trial.

Defense counsel filed a pre-trial motion to suppress the defendant's statements given to the F.B.I. prior to his indictment wherein he admitted to having had intercourse with the underage victim. A hearing was held on the motion and Magistrate Mark A. Moreno made oral findings that the defendant was not in custody and was fully advised of the Griffin warnings. The Magistrate issued a report and recommendation wherein he recommended that the motion to suppress the defendant's statements should be denied. The defendant thereafter filed a plea agreement agreeing to plead to a superseding information charging sexual abuse of a minor.

The defendant's claim that counsel was ineffective in advising him that his statements to the F.B.I. could be used against him at trial must fail. That advice was certainly within the range

5

of competence demanded of attorneys in criminal cases. The defendant could not have failed to understand what the issues were before Judge Moreno and that Judge Moreno had recommended that the defendant's statements could be used against him at trial.

**IV. Ineffective Assistance in Failing to File an Appeal.**

Defendant waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003).

Defendant does not address the appeal waiver contained in his plea agreement. Therefore, there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Defendant testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Defendant does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Specifically excluded from the waiver of appeal rights was the "right to appeal the sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory guideline range. The presentence investigation report recommended that the defendant's criminal history category should be I and his total offense level should be 29, resulting in a Guidelines range of 87-108 months. Defendant was sentenced to 87 months, a sentence at the low end of the advisory Guidelines range. Defendant was not sentenced above the advisory Guidelines range.

Generally, I review ineffective assistance of counsel claims to determine whether petitioner can show both deficient performance by counsel and prejudice to the petitioner caused by that performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984). In other words, if any appeal would have been without merit, the failure to appeal could not be prejudicial. However, the United States Court of Appeals for the Eighth Circuit has instructed that

> an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *See Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir.1992). The appropriate remedy is to remand for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal. *See id.* at 1357; *Estes v. United States*, 883 F.2d 645, 649 (8th Cir.1989).

Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000). It is necessary at the outset to make a determination whether counsel failed to file a notice of appeal after being requested to do so. It remains to be seen whether the petition is timely based upon possible tolling.

Based upon the foregoing,

IT IS ORDERED:

1. The motion, Doc. 77, for leave to amend is granted.

2. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before December 15, 2008. The answer shall address only whether counsel was ineffective in failing to file a notice of appeal as allegedly directed and whether any relief is barred by the statute of limitations.

Dated this 23rd day of October, 2008.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
　　　　　　DEPUTY
(SEAL)