UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
FEB 18 2009

*********************************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 05-30129-CBK |
| Plaintiff, | REPORT AND RECOMMENDATIONS FOR DISPOSITION OF MOTION UNDER §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| -vs- | |
| JOSEPH F. ARCOREN, | |
| Defendant. | |

*********************************************************************************

The above-captioned 28 U.S.C. §2255 case was referred to this Court, pursuant to 28 U.S.C. §636(b), for the purpose of conducting any necessary hearings, including evidentiary hearings, and submitting proposed findings of fact and recommendations for disposition thereof.[1] Having carefully reviewed and considered all of the records on file and being fully advised in the premises, the Court does now make and propose the following findings, report and recommendations for disposition of the case.

I.

Defendant, Joseph F. Arcoren (Arcoren), pled guilty to sexual abuse of a minor, in violation of 18 U.S.C. §§1153, 2243(a) and 2246(2). On February 12, 2007, he was sentenced to 87 months in prison. The judgment was filed the following day, February 13, 2007, and Arcoren did not appeal from the same.

---

[1] The referral was made by the Honorable Charles B. Kornmann, United States District Judge.

Instead, on September 4, 2008, he filed a motion to vacate, set aside or correct sentence, under 28 U.S.C. §2255, as well as a supporting memorandum and affidavit.[2] After conducting an initial consideration of the motion, the District Court dismissed most of Arcoren's claims, but directed that Plaintiff, United States of America (Government), file an answer and brief addressing whether the §2255 motion is barred by the statute of limitations and whether trial counsel was ineffective in failing to file a notice of appeal. The Court, at the same time, referred the case to this Court to handle on a report and recommendation basis.

The Government complied with the District Court's order, filing an answer, containing a motion to dismiss for failure to state a cognizable claim under §2255, a supporting memorandum and an affidavit signed by trial counsel. Arcoren did not reply to any of the Government's submissions.

II.

Although Arcoren has not filed a motion seeking to have counsel appointed for him, in light of the District Court's referral order, the Court must nonetheless decide whether he is entitled to the appointment of counsel in this instance.

At the outset, it must be observed that there is neither a constitutional nor a statutory right to counsel in §2255 proceedings; rather, the appointment of counsel is committed to the discretion of the reviewing court. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Baker v. United States, 334 F.2d 444, 447-48 (8th Cir. 1964). The court, however, may

---

[2]On September 10, 2008, Arcoren filed a motion for leave to amend his §2255 motion, in which he asked that the amendments he sought relate back to the date of his original motion. Docket No. 77. The District Court later granted the motion to amend. Docket No. 78 at 7.

2

appoint counsel in a §2255 case if the interests of justice so require. 18 U.S.C. §3006A(a)(2)(B); 28 U.S.C. §2255(g). If the court conducts an evidentiary hearing, the interests of justice require the appointment of counsel. Rule 8(c) of the Rules Governing §2255 Proceedings for the United States District Courts ("§2255 Rules") ("If an evidentiary hearing is warranted, the judge <u>must</u> appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A.") (emphasis added); <u>Green v. United States</u>, 262 F.3d 715, 717-19 (8th Cir. 2001). If no evidentiary hearing is necessary, the appointment of counsel is discretionary. <u>Hoggard v. Burkett</u>, 29 F.3d 469, 471 (8th Cir. 1994); <u>United States v. One Star</u>, 575 F.Supp.2d 1104, 1111 (D.S.D. 2008).

In exercising its discretion, a court should first determine whether the §2255 movant has presented a non-frivolous claim. <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir.), <u>cert. denied</u>, 513 U.S. 857 (1994); <u>Gomez v. United States</u>, 100 F.Supp.2d 1038, 1042 (D.S.D. 2000). If the movant has presented only claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel. Rule 4 of the §2255 Rules. If the movant has presented a non-frivolous claim, the court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the movant and the court to such an extent that "the interests of justice so require it." §3006A(a)(2)(B); <u>Nachtigall v. Class</u>, 48 F.3d 1076, 1081 (8th Cir. 1995). In determining whether the appointment of counsel is necessary for a movant seeking relief with a non-frivolous claim, the court should consider the legal and factual complexity of the case, the movant's ability to investigate and present the claim and any other relevant factors.

McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); United States v. Hill, 171 F.Supp.2d 1032, 1035-36 (D.S.D. 2001).

Applying these factors, the Court concludes that the interests of justice do not require the appointment of counsel here. It is evident from reading Arcoren's §2255 motion and the supporting documents that he understands the issues involved and is capable of articulating them. Yellow Hawk v. United States, 314 F.Supp.2d 921, 927 (D.S.D. 2004). Moreover, his motion and other filings are sufficiently clear to enable the Court to determine whether §2255 relief is warranted. See Nachtigall, 48 F.3d at 1082; Hill, 171 F.Supp.2d at 1036. And, Arcoren's claims can be resolved on the basis of the record now before the Court. See Hoggard, 29 F.3d at 472; Hill, 171 F.Supp.2d at 1036. Finally, the unlikelihood of Arcoren overcoming the procedural hurdles he faces and prevailing on his motion, militates against, and undercuts any need for, the appointment of counsel. See United States v. Waite, 382 F.Supp.2d 1, 2-3 & n. 1 (D.C. 2005). For these reasons, the Court finds it unnecessary to appoint counsel for Arcoren and declines to do so.

### III.

The District Court, in its referral order, instructed this Court to determine whether an evidentiary hearing was required on Arcoren's §2255 motion. Arcoren has not requested an evidentiary hearing, but the Court is duty bound, under Rules 4(b) and 8(a) of the §2255 Rules, to decide if an evidentiary hearing is mandated or otherwise called under the circumstances.

A movant is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." Anjulo-Lopez v.

4

United States, 541 F.3d 814, 817 (8th Cir. 2008) (quoting 28 U.S.C. §2255); see also United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005). No such hearing is required, however, "where the claim is inadequate on its face or the record affirmatively refutes the factual assertions upon which it is based." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (internal quotation omitted).

In this case, it is apparent from the face of Arcoren's motion and the record itself that the motion is untimely. Accordingly, an evidentiary hearing is not obligatory, see Anjulo-Lopez, 541 F.3d 817-19, and the Court shall proceed to dispose of the motion in a summary manner "as justice dictates," see Rules 4(b) and 8(a) of the §2255 Rules.

## IV.

Turning now specifically to the timeliness issue, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes, among other things, a one-year statute of limitations on motions filed by prisoners seeking to modify, vacate or correct their federal sentences. Johnson v. United States, 544 U.S. 295, 299 (2005). As relevant to this case, that year begins to run from the later of either "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f)(1), (4).

## A.

Arcoren's judgment of conviction was entered and filed on February 13, 2007. Because he did not file a direct appeal, his conviction became final on or about February 28, 2007, when the 10-day period for filing a notice of appeal expired. Anjulo-Lopez, 541 F.3d at 816, n. 2; see also Never Misses A Shot v. United States, 413 F.3d 781, 782 (8th Cir.

5

2005) (stating that, where the defendant failed to file a direct appeal, his conviction became final 10 days after the entry of judgment); Fed. R. App. P. 4(b)(1)(A) (setting a 10-day time limit for filing a notice of appeal in a criminal case); Fed. R. App. P. 26(a)(2) (delineating the method for computing the 10-day period and excluding the first day of the period, intermediate Saturdays, Sundays and legal holidays). Arcoren signed his §2255 motion and placed it in the prison mail system on September 1, 2008, more than 18 months after his conviction became final.³ The motion is therefore untimely under §2255(f)(1).

B.

The Court recognizes that, under certain circumstances, the one-year statute of limitations may begin to run from a later date. Whether this occurs or not depends on the existence of the facts supporting the claim presented and the diligence exercised in discovering them. Id.; Anjulo-Lopez, 541 F.3d at 817.

"To be sure, §2255 'does not require the maximum feasible diligence, only due or reasonable, diligence.'" Anjulo-Lopez, 541 F.3d at 818 (quoting Wims v. United States, 225 F.3d 186, 190, n. 4 (2d Cir. 2000)). "'Due diligence therefore does not require a [movant] to undertake repeated exercises in futility or to exhaust every imaginable option.'" Anjulo-Lopez, 541 F.3d at 818 (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). But the statute does at least require that [the movant] make reasonable efforts to discover the facts supporting his claims. Anjulo-Lopez, 541 F.3d at 818.

---

³Under the prison-mailbox rule, Arcoren's motion is deemed to have been filed on September 1, 2008, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999), and it is this date that is used in the 18-month computation.

6

Arcoren acknowledges that his §2255 motion is untimely, but contends that trial counsel abandoned him on direct appeal after he informed counsel of his desire to appeal his conviction and sentence. Docket No. 75 at 4, ¶12(a). He maintains that counsel did not file a notice of appeal and that as such, he did not know that his case had become final. Id. According to Arcoren, this caused him to file his motion after the one-year time period. Id. He asserts that counsel's abandonment of the appeal was a circumstance beyond his control that should excuse his procedural default in not presenting his claims on direct appeal and within the AEDPA's one-year limitations period. Id. at p. 10, ¶13. The statute of limitations should be equitably tolled, he insists, based on his counsel's appeal abandonment. Id. at p. 12, ¶18. He claims that, despite his "diligent efforts to get in contact with counsel through phone calls and correspondence" he never heard from counsel again, so he could not have known when his criminal case became final. Id. He says that it was not until an "inmate legal assistant" arrived at the prison, sometime around August 24, 2008, that he was able to "discover counsel's hindrance of [his] direct appeal and [counsel's] obstructing of [his] ability to file a timely [ ] §2255 motion." Id.

Faced with a nearly identical claim, the Eighth Circuit Court of Appeals concluded that an evidentiary hearing was not necessary to resolve the timeliness of a §2255 motion, which was filed approximately 15 months after the movant's conviction became final. Anjulo-Lopez, 541 F.3d at 816-17. In Anjulo-Lopez, the movant asked the district court to apply equitable tolling because, through no fault of his own, he did not discover counsel's failure to file an appeal until after the one-year limitations deadline had passed. 541 F.3d at 816. The movant alleged that he had been repeatedly transferred to various holding facilities

7

during the first five months after being sentenced and that he was unable to communicate with anyone about his appeal during that time. Id. He further alleged that he did not contact his attorney for some time thereafter because he believed he was suppose to wait to hear from his attorney and that by the time he found someone willing to help him contact his attorney, the deadline had run. Id. He averred that extraordinary circumstances, based in part on his lack of knowledge of the English language and inadequate access to the prison library, prevented him from filing a timely motion and justified the use of equitable tolling. Id.

Without holding an evidentiary hearing, the district court dismissed the §2255 motion as time barred. Id. In doing so, the court declined to apply equitable tolling because it found that the movant had not shown diligence in pursuing his appeal. Id.

On appeal, the Eighth Circuit affirmed the summary dismissal of the motion as untimely. Id. at 819. The court of appeals initially observed that to invoke the provisions of §2255(f)(4), a movant "'must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact.'" Id. at 817 (quoting E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006)). The appeals court then held that it was "apparent that a duly diligent person in [the movant's] circumstances would have discovered counsel's failure to notice an appeal well over a year before he filed his motion" and "conclude[d] that the district court did not abuse its discretion in dismissing the [§2255 motion] as time-barred without an evidentiary hearing." 541 F.3d at 818. In the court's view, the movant's excuses for not filing his motion on time, as outlined above, were "not indicative of a reasonable diligent quest for information" and "fell far short of reasonable diligence." Id. at 818-19. The court thought it was "clear from the face of the motion and

record . . . that a duly diligent person in [the movant's] circumstances could have unearthed [public record information concerning the status of the appeal or lack thereof] any time after the deadline for filing the appeal [had] passed." Id. at 819. It was thus "plainly apparent" to the court that the §2255(f)(4) limitations period was unavailable to [the movant]." Id.

Just as in Anjulo-Lopez, Arcoren's §2255 motion is subject to dismissal on a summary basis. He failed to act promptly and with reasonable diligence in the pursuit of information concerning his appeal and in the discovery of the facts underlying his claims. And, his proffered reasons for filing the motion more than 18 months after his conviction became final are refuted by evidence in the record and the affidavit from trial counsel.

Assuming, without conceding, that trial counsel failed to file an appeal after being requested to do so, Arcoren should have discovered counsel's nonfeasance well before the time he claims to have first done so. Id. at 818-19. In his motion and supporting affidavit, Arcoren states that he made diligent efforts to contact counsel by telephone and through correspondence after his sentencing hearing, but never heard anything back from counsel regarding the status of his appeal. Docket Nos. 76 at p. 3, ¶¶ 11-13, 75 at p. 11, ¶ 18. Counsel's affidavit, however, indicates that nothing in her files, telephone bills, logs, or any other documents shows that Arcoren called or corresponded with her at any time after his sentencing. Docket No. 88 at pp. 2-6, ¶¶ 5-20.

Aside from this, the fact that no appeal had been filed in Arcoren's case was a matter of public record. Despite the supposed diligence in attempting to contact trial counsel, when these contacts went unheeded, he apparently never checked with the federal court system to find out whether an appeal had ever been filed. A reasonably diligent person in Arcoren's

9

position could and should have ascertained whether an appeal had been taken a short time after the appeal deadline had passed and well before the 18 months he maintains it took him to find this out. Anjulo-Lopez, 541 F.3d at 819.

Arcoren's claim of diligence is also belied by his own under oath statements. 541 F.3d at 818, n. 3. In his affidavit, he states that "in the days beyond the first week after [his] sentencing hearing" he sent correspondence to counsel about his appeal, but received no response. Docket Nos. 76 at p. 3, ¶ 12. Trial counsel's affidavit, however, contradicts this and points directly to documentary evidence that impugns Arcoren's claim. Docket No. 88 at pp. 2-6, ¶¶ 5-20. Arcoren also avers that when he heard nothing from counsel about his appeal, "[i]n the months after sentencing", he began to ask for legal assistance from other inmates about filing a §2255 motion if no appeal was pending. Id. at ¶ 13. He goes on to say that because no inmate was willing or able to assist him, he had to "trust" that counsel had filed an appeal and would let him know when the same was finished so that he could pursue the "secondary measure" of a §2255 motion. It is clear from these assertions that Arcoren did not diligently try to discover whether his appeal had been perfected. Id. at 818-19. Had he actually sent the alleged correspondence to and received no response from counsel, a reasonably diligent person in his shoes would have known that no appeal had been filed, id. at 819, and would have submitted a §2255 motion, in an abundance of caution, to protect himself. Arcoren's failure to use reasonable and diligent efforts to discover whether counsel had filed an appeal for him is fatal to his ability now to satisfy, and therefore invoke, the statute of limitations found in §2255(f)(4). Id. at 819, n. 4.

C.

In certain situations, the doctrine of equitable tolling may apply to a §2255 motion. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005); see also United States v. Hernandez, 435 F.3d 851, 858 (8th Cir.) ("while equitable tolling does apply to §2255 motions . . . we do not find that the circumstances here warrant such relief."), cert. denied, 547 U.S. 1172 (2006). Equitable tolling, however, provides an exceedingly narrow window of relief. Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (quoting Jiahad v. Hvass, 267 F.3d 803, 806, n. 3 (8th Cir. 2001)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The first element requires that Arcoren establish diligence in pursuing his §2255 motion. Riddle, 523 F.3d at 857; Martin, 408 F.3d at 1095. The Court is convinced that Arcoren has not met his burden on this element.

Even assuming, arguendo, that Arcoren communicated with but did not receive any response from counsel and that he did not know whether his case had been appealed, a diligent person, similarly circumstanced, would have reasonably discovered that an appeal had not been filed well before 18 months after his conviction had become final. See Diaz-Diaz v. United States, 297 Fed. Appx. 574, 576 (8th Cir. 2008) (per curiam) (concluding that a §2255 movant who had requested, but did not receive, copies of pleadings and transcripts for over nine months, but made no further attempts to obtain these materials until shortly

before the statute of limitations expired, then filed his motion one month after the statute had run, failed to establish "diligent pursuit" of his rights and was not entitled to equitable tolling). Moreover, as earlier discussed, Arcoren could have made inquiry through the public court dockets to determine whether an appeal had been filed for him. Anjulo-Lopez, 541 F.3d at 819. He did not do so and thus act in a diligent manner so as to be entitled to equitable tolling. See United States v. Sanchez-Garcia, No. 8:03CR505, 2009 WL 297003 at *2 (D. Neb. Feb. 5, 2009).

Additionally, Arcoren has failed to meet that second element for equitable tolling, namely, that extraordinary circumstances beyond his control made it impossible for him to file his §2255 motion on time. Finch v. Miller, 491 F.3d 424, 427-28 (8th Cir. 2007); Flanders v. Graves 299 F.3d 974, 976-78 (8th Cir. 2002), cert. denied, 537 U.S. 1236 (2003). Ineffective assistance of counsel, whether based on an attorney's negligence or mistake, is generally not considered an "extraordinary circumstance" in the context of §2255 cases. Martin, 408 F.3d at 1093; see also Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that basic attorney errors are usually insufficient to support equitable tolling), cert. denied, 541 U.S. 905 (2004). Even so, "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" Martin, 408 F.3d at 1093; (quoting Berry v. Ault, 312 F.3d 948, 952 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2003)). In Martin, such misconduct was found to have occurred because counsel consistently lied to the movant and his wife about the filing deadline for the §2255 motions; repeatedly lied to the movant and his wife about the status of his case; refused to communicate with the movant or his family; neglected to file any documents, belated or not, on the movant's behalf; and failed to return

12

any of the movant's paperwork to him despite repeated requests and then demands. Id. at 1095.

The case at hand does not involve the type of egregious attorney misconduct present in Martin and in cases cited therein, see 408 F.3d at 1093-94, that would excuse the untimely filing of Arcoren's §2255 motion. Unlike what transpired in Martin, no misrepresentation or deception is alleged to have occurred here, nor could any supposed dereliction of duty, on the part of trial counsel, have prejudiced Arcoren and caused him to delay filing his §2255 motion for over 18 months. Counsel's alleged inaction was not ongoing and something that Arcoren could have reasonably and continuously, relied on for an extended period of time. This is not a case in which counsel failed to follow through with what she said she would do. Rather, it is one in which Arcoren knew or reasonably should have known, well before the expiration of the one-year limitations deadline, that because counsel had not communicated with him, no appeal had been filed. The circumstances surrounding the status of Arcoren's appeal and the late filing of his §2255 motion were not outside his control and did not make it impossible for him to file the motion on time. Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.), cert denied, 540 U.S. 971 (2003); see also Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (extraordinary circumstances, external to the prisoner and not attributable to him, were responsible for the delay).

Arcoren's lack of legal knowledge or resources does not warrant the granting of equitable tolling. Cross-Bey, 322 F.3d at 1015-16; Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert denied, 534 U.S. 863 (2001); see also Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of proper procedures for filing post-

conviction petition did not justify equitable tolling). Thus, Arcoren's claim that he could not have discovered trial counsel's failure to appeal his case, and thus did not know that he needed to file a §2255 motion until "an inmate legal assistant" arrived at the prison, is insufficient to entitle him to equitable tolling. Id.; United States v. Bell, 68 Fed. Appx. 762, 765 (8th Cir. 2003), cert denied, 540 U.S. 1202 (2004); see also Maghee, 410 F.3d 477 (prisoner in the best position to monitor his cases); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (movant could have drafted his own motion; when he relied on someone else to prepare his motion, "he voluntarily took the risk of late delivery").

D.

Arcoren's §2255 motion was not filed within §2255(f)'s one-year statute of limitations deadline. The limitations period did not begin to run after his conviction became final, under §2255(f)(4), because he did not exercise due diligence in discovering that his case had not been appealed. And, he is not entitled to equitable tolling because he did not exercise due diligence and because there were no extraordinary circumstances, beyond his control, that made it impossible for him to file his §2255 motion in a timely manner. His motion, therefore, must be dismissed as untimely.[4]

V.

A movant is required to obtain a certificate of appealability (COA) from a district or circuit judge before appealing from the final order entered in a §2255 proceeding. 28 U.S.C. §2253(c)(1)(B). A district court is authorized to determine a COA if the movant has made

---

[4]Having determined that Arcoren's motion should be denied on statute of limitation grounds, the Court need not address his ineffective assistance of counsel claim (based on trial counsel's alleged failure to file a notice of appeal) and does not do so.

14

a substantial showing of the denial of a constitutional right. §2253(c)(2); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Garrett v. United States, 211 F.3d 1075, 1076 (8th Cir.) (per curiam), cert. denied, 531 U.S. 908 (2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Garrett, 211 F.3d at 1077; Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The Court is convinced that Arcoren cannot satisfy this standard and make the requisite "substantial showing" with respect to any of his claims. The claims do not even come close to running afoul of the Constitution and for this reason, a COA, based on them, should be denied.

VI.

Based on the foregoing findings of fact and legal discussion and pursuant to §636(b) and Rule 8(b) of the §2255 Rules, it is hereby

RECOMMENDED that Arcoren's motion under §2255 to vacate, set aside or correct sentence by a person in federal custody, Docket No. 75, be dismissed as untimely and with prejudice. It is further

RECOMMENDED that a COA, if one is sought by Arcoren, be denied as to all issues and claims raised in his §2255 motion.

Dated this 18th day of February, 2009, at Pierre, South Dakota.

BY THE COURT:

*/s/ Mark A. Moreno*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
　　　　　　Deputy
(SEAL)

## NOTICE

Failure to file written objections to the foregoing Report and Recommendations within 10 days from the date of service shall bar an aggrieved party from attacking the Report and Recommendations before the United States District Judge assigned to review the case. See §636(b) and 8(b) of the §2255 Rules.