UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

JOSEPH F. ARCOREN,

Defendant.

CR 05-30129

OPINION AND ORDER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to sexual abuse of a minor and was sentenced on February 12, 2007, to 87 months custody. Defendant did not appeal to the United States Court of Appeals for the Eighth Circuit. He filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Following initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, I directed the government to file an answer addressing only whether counsel was ineffective in failing to file a notice of appeal as allegedly directed and whether any relief is barred by the statute of limitations.

This matter was referred to U.S. Magistrate Judge Mark A. Moreno and the magistrate judge submitted his report and recommendation to the Court on February 18, 2008, Doc. 90. The report and recommendation was served on the defendant as required by 28 U.S.C. § 636. Defendant timely filed objections. The Court has conducted a *de novo* review of the file. I am, of course, very familiar with all aspects of this case since I was the "trial judge" from start to finish. The magistrate correctly sets forth the history of this case and the motion itself.

Defendant objects to the magistrate's recommended finding that defendant failed to timely contact counsel requesting that she file a notice of appeal on his behalf and that he failed to show reasonable diligence in discovering counsel's failure to file a notice of appeal on his

behalf. Defendant contends that he is entitled to an evidentiary hearing wherein he could show that his mother attempted to call counsel on his behalf.

Even if the defendant could establish at an evidentiary hearing that he and his mother tried to contact counsel to file an appeal and determine the status of an appeal, defendant is not entitled to relief. He failed to establish that "extraordinary circumstances beyond [defendant's] control prevent[ed] the timely filing of a petition." Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009). Defendant did not offer any evidence to refute the magistrate's conclusion that, when he allegedly could not reach counsel, he failed to contact the Clerk of Courts to determine whether an appeal had been filed on his behalf. The magistrate concluded that defendant was not diligent because he failed to file his § 2255 motion to protect himself when he received no response from counsel to claimed telephone calls and letters. Defendant failed to show that "he pursued his rights with the requisite diligence." *Id* at 724.

In addition, it is noteworthy that Mr. Arcoren was specifically told by me at the conclusion of his sentence hearing that the district Clerk of Courts office would prepare and file, if requested to do so, a notice of appeal on his behalf. He made no such request. He did not need an attorney to file a timely appeal.

I adopt the magistrate's findings that defendant did not establish "diligent pursuit" of his rights when he failed to file his § 2255 motion until 18 months after his conviction became final.

Now, therefore,

IT IS ORDERED:

1. The report and recommendation of the U.S. Magistrate Judge, Doc. 90, shall be and is hereby adopted as the findings of fact and conclusions of law herein.

2. The defendant's objections, Doc. 92, are overruled.

3. The motion to vacate, set aside, or correct defendant's conviction and sentence, Doc. 75, is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way

hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 7th day of July, 2009.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Barbara J. Papke
         DEPUTY
(SEAL)